## BUTLER v. THE CITY OF MUSCATINE.

1. TAXES IN MUSCATINE. *Held*, that an out lot situated within three hundred feet of the old city limits and within the new city limits of the city of Muscatine; which lot was not used for agricultural purposes and was so situated that it was protected and benefited by the municipal government of said city, was not exempt from city taxes under the rule laid down in *Morford* v. *Unger*, 8 Iowa 83.

*Appeal from Muscatine District Court.*

THURSDAY, APRIL 11.

*D. C. Cloud* for the appellant, cited *Morford* v. *Unger*, 8 Iowa 82; *Winchester* v. *Ayres*, 4 G. Greene 104; *Santo et al.* v. *The State*, 2 Iowa 165; *Campbell* v. *The Union Bank*, 6 How. (Miss.) 625; *Hale* v. *Lawrence*, 3 Zabr.

*Richman & Bro.* for appellee.

BALDWIN, J.—The plaintiff paid taxes levied by the defendant upon his property situated within the new limits

of the city of Muscatine; and this action is brought to recover back the same.

The only question presented is, whether the property taxed falls within that class of property within said limits which, under the decision of this court in the case of *Morford* v. *Unger*, 8 Iowa 82, is exempt from taxation for city purposes. The cause was submitted to the District Court upon the following agreed statement of facts:

That the property on which the tax was assessed was out side of the city limits, but was included within the boundaries as fixed by the act of 14th July 1856. That it is situated about three hundred feet from the "old city limits." That it consists of a parcel of ground containing about two acres upon which there is a pork house, packing and slaughtering establishment which have been there for the last seven or eight years. That the streets of the city are laid out and worked to and beyond the property taxed. That the street on which the buildings above named, front extends near a quarter of a mile beyond, and houses are built on each side of the road. That the ground beyond is laid out into lots and streets. That it lies between the old city limits and what is called South Muscatine. That South Muscatine is by the action of the owners thereof and the city of Muscatine, as well as by the act of July 1856, a part of the city of Muscatine. That there are several houses in South Muscatine. That a lot about the size of plaintiff's, originally called an out lot, and adjoining the one taxed to plaintiff, but now divided from it by a narrow street, has been cut up into small parcels and there are at least half a dozen dwelling houses thereon all occupied. That the lot in question was laid out as an out lot at least twelve years ago.

It is claimed by appellant that a portion of the act of 1856, extending the city limits, having been, by the decision above referred to, declared void, that the whole of the act is declared void for uncertainty. That a portion of the territory within said new limits being declared exempt from

taxation by said decision, that it is impossible for the court to determine what portion remaining is liable.

We have thus fully stated the facts agreed upon by the parties in the District Court for the reason that each point established tends to show that the property of plaintiff could not be excluded from taxation for city purposes upon the ground upon which the court exempted the property of Morford. There is a marked difference between the two cases. In the case of Morford, the property sought to be brought within the jurisdiction of the city was agricultural land one mile from the old city limits, and nearly as far from any lands laid out into city lots or used for city purposes; and beyond the reach of that protection his property was entitled to by the city authority. In the case of appellant the property is within a short distance of the old city limits, it is not agricultural land and taxed by the acre; lots are laid off by and beyond it, streets and alleys surround it, it is treated as a lot, and houses with inhabitants are near by; the buildings and property thereon are entitled to all the protection and privileges the city authority can confer. Under the facts as thus presented, we think the property is not exempt from taxation for city purposes.

Judgment affirmed.